UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE DEMETRIO MONTIEL
FERNANDEZ,

        Plaintiff,

    v.

ACTING SECRETARY
MARKWAYNE MULLIN,
WARDEN, WARDEN OF COLLIER
COUNTY SHERIFF, ACTING
DIRECTOR TODD LYONS LYONS,
GARRETT J. RIPA,

        Defendants,

Case No. 2:26-cv-770-KCD-DNF

## **ORDER**

Petitioner Jose Demetrio Montiel Fernandez has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.) To make his case, Fernandez hangs his hat on exactly one hook: a declaratory judgment issued by a district court in the Central District of California. (*Id.* at 1 (citing *Maldonado Bautista v. Santacruz*, No. 5:25- CV-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025).) In *Maldonado Bautista*, that court certified a nationwide class of noncitizens who entered the country without inspection and declared they were entitled to bond hearings under 8 U.S.C. § 1226(a). Fernandez asserts that as a

member of that class, he is automatically entitled to the same relief here in Florida.

The Court cannot agree. Fernandez misunderstands the limits of district court authority and the statutory text governing immigration detention. *See, e.g., Jandres-Ordonez v. Bondi*, No. 6:25-CV-084-H, 2026 WL 274493, at \*4 (N.D. Tex. Jan. 23, 2026). Absent the application of *res judicata* or collateral estoppel, a district court is not bound by another district's judgment. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004). But Fernandez does not argue (or even mention) how either of those preclusion doctrines applies to his case. He simply points to the California decision and assumes it dictates the outcome here. Without any showing—or even an argument—that claim or issue preclusion applies, the California court's declaratory judgment carries no binding weight here. *See, e.g., Ayala v. Harper*, No. 1:26-CV-204-CLM-GMB, 2026 WL 501113, at \*7 (N.D. Ala. Feb. 23, 2026); *Morales v. Noem*, No. 25-62598-CIV, 2026 WL 236307, at \*8 (S.D. Fla. Jan. 29, 2026).

Fernandez offers no independent theory of relief—no alternative reading of the statutory text, no separate constitutional claim, and no other substantive reason to question the legality of his detention. Once *Maldonado Bautista* is removed from the equation, there is simply nothing left. A petitioner cannot secure a writ of habeas corpus by pointing to an out-of-

district declaratory judgment and calling it a day. Because he has provided no other legal basis to challenge his confinement, the habeas petition must be **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on April 8, 2026.


Kyle C. Dudek
United States District Judge